IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL RUSSELL TORRES,<br><br>　　　　　Defendant. | CR 22-07-M-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

    A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 76.)

    On December 16, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 5. The United States moved to dismiss Violation No. 5. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 6 months imprisonment, with no period of supervised release to follow.

**I.     Background**

    In 2022, Defendant pled guilty to the offense of prohibited person in possession of a firearm. (Doc. 51.) On September 1, 2022, the Court sentenced him to 24 months imprisonment, to be followed by 36 months supervised release. *Id.*

1

Defendant began serving his term of supervised release on August 25, 2023. On February 20, 2025, Defendant's supervised release was revoked for drug use, failing to attend treatment, failure to report for drug testing, contact with a known person actively engaged in criminal activity, and possession of weapons. He was sentenced to 3 months imprisonment, followed by 33 months supervised release. Defendant began his second period of supervised release on April 11, 2025.

On June 2, 2025, the United States Probation Office filed the petition now at issue. (Doc. 69.) The petition alleges that Defendant violated five conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 70.) Defendant was arrested, and made an initial appearance on September 24, 2025. (Doc. 71.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Steven Babcock. Kelsey Hendricks represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

After consenting to proceed, Defendant was advised that the most serious violation in the petition was a grade B violation, his criminal history category is I,

2

and the underlying offenses are a class C felonies. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 4–10 months incarceration. Defendant could also be sentenced to as much as 33 months supervised release, less any incarceration time imposed. Counsel for the parties agreed with those calculations.

Defendant then admitted all the violations as alleged in the petition except for Violation No. 5. Counsel for the United States then moved to dismiss Violation No. 5. Since Violation No. 5 was the only grade B violation in the petition, the undersigned recalculated Defendant's violations as grade C violations. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 3–9 months incarceration. Counsel for the parties agreed with those calculations.

The undersigned accepted the admissions and proceeded to sentencing. The United States requested a sentence of 6 months incarceration and 33 months supervised release. Defendant's counsel requested a sentence of 6 months incarceration with no term of supervised release.

### III.   Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 6 months imprisonment with no period of supervised release

to follow.  No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, Defendant denied Violation No. 5 of the petition, which alleged the most serious conduct involving multiple violations of state and federal law, including being in possession of firearms.  The United States moved to dismiss this violation at the revocation hearing, and thus, this recommendation is not based on conduct alleged therein.

As to the admitted violations, they establish that Defendant has done very poorly on supervision.  On his first term of supervised release, he accumulated several violations within the first five months, including possession of drugs, drug paraphernalia, a large assortment of knives and swords, as well as various calibers of ammunition.  On his second term of supervised release, Defendant accumulated his current violations in less than two months, and it appears he made almost no effort to comply with his supervision conditions.  For example, he missed six scheduled substance abuse treatment sessions in May 2025 alone and ultimately absconded from supervision.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes.  Revocation of

Defendant's supervised release and a sentence of incarceration is again necessary to afford deterrence to future criminal conduct. Defendant was given an opportunity on his last revocation with a sentence at the low-end of the guideline range. He clearly did not take advantage of that opportunity and almost immediately returned to noncompliance upon his release from custody.

The undersigned has also considered the need for future educational and correctional treatment. Defendant is currently pending sentencing in this Court for the offense of prohibited person in possession of a firearm in *United States v. Torres*, Cause No. CR-25-110-WWM. Defendant has entered a plea of guilty to the offense and sentencing is currently scheduled for February 26, 2026. Since Defendant will almost certainly be placed on supervised release in that case, dual supervision in this action would not serve any useful purpose.

In summary, after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range, and all the circumstances of the violations established at the revocation hearing, a sentence of 6 months, with no supervised release to follow, is sufficient, but not greater than necessary, to comply with the purposes in 18 U.S.C. § 3553(a).

## IV. <u>Conclusion</u>

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and

Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he participate in a substance abuse treatment program, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 2.

3. Defendant violated the condition of supervised release that he live in a place approved by his probation officer, as alleged in Violation No. 3.

4. Defendant violated the condition of supervised release that he report to his probation officer as instructed, as alleged in Violation No. 4.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 6 months imprisonment, with no term of supervised release to follow.

2. The Court should grant the government's motion to dismiss Violation No. 5.

/ / /

/ / /

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 16th day of December, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge